Pratt, J.
This action was prosecuted in a justice’s court .for the wrongful taking and detention of certain mineral water syphons, alleged to be of the value of $120. It clearly appears that the plaintiffs were the manufacturers of mineral waters which they sold in syphons, into the glass sides of which were stamped their names; said syphons to be returned when emptied of their contents, the plaintiffs thus retaining the title to the syphons.. These syphons were afterwards found in the possession of the defendant, who had purchased them from various parties. The claim of the defendant is that the plaintiff negligently permitted the syphons, to remain in th.e possession of his customers, and be sold to bona fide purchasers, and thus he is estopped from asserting his title. We fail to discover any evidence in this case to justify the *149 application of the doctrine of estoppel. The syphons were manufactured by the plaintiff, and their name plainly stamped, and they had never sold any, nor authorized any other person to sell any; therefore the property was the plaintiffs, and they had a clear right to reclaim it. The fact that the purchasers were permitted to retain the bottles until they sold the mineral water did not affect the plaintiffs’ right to reclaim them. The conclusion is almost irresistible that the defendant did not purchase in good faith, for the reason that it is the custom of the trade to sell only the water, and retain the property in the syphons. However this may be, if purchased from one having no right to sell, he is presumed to have come wrongfully in possession of them until he establishes to the contrary.
The plaintiffs have done nothing to forfeit their right to the syphons. They were still in business, and had neither sold nor authorized any other person to sell. Considering the nature and custom of the business, which were well known to the defendant, the plaintiff, by leaving the syphons with their customers until they were emptied, did not confer any apparent title or ownership on such customers; neither was their conduct such as to have any tendency to mislead or deceive the defendant. Neither is it apparent how the defendant has been prejudiced by negligent acts of the plaintiff. It does not appear how long ago the syphons in question were delivered to the plaintiffs’ customers, but it does appear that the defendant had been in business only about 18 months. It also appears that the plaintiffs allowed parties for returning bottles found by them in junk-shops a certain price. So that not only was there no negligence established on the part of the plaintiffs, but they seem to have taken a reasonable and fair method to secure the return to them of all syphons wrongfully disposed of or stolen. That the plaintiff demanded the property before suit was proved, without objection. If it was essential to allege a demand, the evidence would require an appellate court to conform the pleadings to the proof. It is therefore unnecessary to pass upon that question. The evidence was ample to sustain the verdict. Judgment affirmed, with costs.
Barnard, P. J., and Dykman, J., concur.